UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEONTRAY THOMAS,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>DANNI MELENDEZ, et al.,<br><br>　　　　Defendant. | Case No.: 1:16-cv-01759 - LJO-JLT<br><br>ORDER DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |

　　　Deontray Thomas is proceeding *pro se* with this action for a violation of his civil rights pursuant to 42 U.S.C. § 1983.  According to Plaintiff, Officers Danni Melendez and Jaime Orozco racially profiled Plaintiff and are liable for an unlawful stop and search.  (*See generally* Doc. 8 at 3-4)  For the following reasons, the First Amended Complaint is DISMISSED with leave to amend.

**I.　　Screening Requirement**

　　　When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. 1915(e)(2).  A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

The Court must screen the First Amended Complaint because an amended complaint supersedes the previously filed complaints. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

## II.     Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Further, a plaintiff must identify the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 566 U.S. at 678 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions in the pleading are not entitled to the same assumption of truth. *Id.*

The Court has a duty to dismiss a case at any time it determines an action fails to state a claim, "notwithstanding any filing fee that may have been paid." 28 U.S.C. § 1915e(2). Accordingly, a court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim." *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1357 at 593 (1963)). However, leave to amend a complaint may be granted to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

**III.     Factual Allegations and Background**

Plaintiff contends that on August 11, 2016, he drove a white two-door sports car and was by himself in the vehicle. (Doc. 8 at 3) He asserts that the officers "claimed that [his] vehicle was stopped because suspicion of 3 African-American[s] in a two door G.S. Sports [car] did a robbery at gun point." (*Id.* at 4) However, Plaintiff contends the officers were, in fact, looking for 3 African-Americans in a white four-door vehicle "with bright yellow plates." (*Id.*)

According to Plaintiff, his car did not match the description of the vehicle for which the police were looking because it was a two-door vehicle, and he was alone in the car. (Doc. 8 at 3-4) He contends that Officers Orozco and Melendez trailed behind his vehicle. When Plaintiff came to a stop at his girlfriend's house, the officers "came to a complete stop next to [Plaintiff]," and "jump[ed] out of there (sic) vehicle." (*Id.* at 3) Plaintiff reports the officers conducted a search and found his handgun, without asking his name or inquiring whether he was on probation or parole. (*Id.*)

**IV.     Discussion and Analysis**

Based upon the facts alleged, Plaintiff asserts the defendants "violated [his] search and seizure right" and "racially profiled" Plaintiff. (Doc. 1 at 3) Plaintiff seeks a monetary award of $100,000 and requests that all charges pending against him be dropped. (*Id.* at 6)

**A.     Factual sufficiency of the complaint**

Plaintiff seeks to state a claim pursuant to 42 U.S.C. § 1983, which "is a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). An individual may bring a civil rights action pursuant to Section 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any

> citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. A plaintiff must allege facts from which it may be inferred that (1) he was deprived of a federal right, and (2) a person or entity who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).

A plaintiff must allege he suffered a specific injury and show a causal relationship between the defendant's conduct and the injury. *See Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976). Thus, Section 1983 "requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff." *Chavira v. Ruth*, 2012 WL 1328636 at *2 (E.D. Cal. Apr. 17, 2012). An individual deprives another of a federal right "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do so that it causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In other words, "[s]ome culpable action or inaction must be attributable to defendants." *See Puckett v. Corcoran Prison - CDCR*, 2012 WL 1292573, at *2 (E.D. Cal. Apr. 13, 2012). Here, Plaintiff asserts the defendants are liable for racial profiling as well as a violation of the Fourth Amendment, which protects individuals from illegal searches and seizures. (*See* Doc. 8 at 3-4)

### 1. Racial profiling

"Racial profiling can constitute a deprivation of a citizen's right to equal protection under the law." *James v. City of Seattle*, 2011 WL 6150567 at *13 (W.D. Wash. Dec. 12, 2011); *see also Whren v. United States*, 517 U.S. 806 (1996) (holding that claims asserting selective enforcement of the law based on considerations such as race are properly brought under the Equal Protection Clause). Thus, to state a claim for racial profiling in violation of the Equal Protection Clause, "a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based on membership in a protected class." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005) (citation and quotations omitted). When a plaintiff alleges racial profiling was the cause of a traffic stop, "allegations that there could have been no other basis for a motorist to be pulled over other

than racial profiling can be sufficient to permit an inference that the motorist's Fourteenth Amendment rights were violated." *Talmadge Adib Talib v. Nicholas*, 2015 WL 9598821 at *6 (C.D. Cal. Dec. 4, 2015) (citing *Waters v. Howard Sommers Towing, Inc.*, 2011 WL 2601835 at *6 (C.D. Cal. June 30, 2011) (denying a motion to dismiss where the plaintiff alleged there was no reason other than racial profiling to justify stop).

Plaintiff contends officers had no reason to stop him other than racial profiling but also alleges that the officers were searching for a white car related to a committed crime.[1] Thus, Plaintiff fails to allege facts showing a discriminatory intent by the named officers. Consequently, the facts as alleged are insufficient to support a claim for racial profiling in violation of the Fourteenth Amendment. Therefore, the claim is dismissed with leave to amend.

2.  Unlawful search and seizure

The Fourth Amendment prohibits arrests without probable cause or other justification, providing: "The right of the people to be secure in their persons. . . against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing . . . the persons or things to be seized." *U.S. Constitution, amend. IV*. "Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested." *Ramirez v. City of Buena Park*, 560 F.3d 1012, 1023 (9th Cir. 2009) (quoting *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007)).

Again, for the same reasons set forth, the facts alleged are insufficient to support a claim for a violation of the Fourth Amendment, particularly due to the conflicting information provided by Plaintiff regarding the description of his vehicle and whether the officers had probable cause to stop Plaintiff. Thus, the claim must be dismissed with leave to amend.

**B.  The *Rooker-Feldman* Doctrine**

As the Court previously informed Plaintiff, under the *Rooker-Feldman* doctrine, he is not able

---

[1] Notably, Plaintiff alleges conflicting facts regarding the white car for which the police were looking. He contends the officers told him they were looking for "a two door G.S. sports car [that] did a robbery at gun point," but also that the officers were looking for a "four door" white vehicle. (Doc. 8 at 4)  Thus, it is not clear whether Plaintiff's car matched the vehicle for which the police were looking.

to seek appellate review in federal court of a decision made by a state court. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The Ninth Circuit explained,

> Typically, the *Rooker-Feldman* doctrine bars federal courts from exercising subject-matter jurisdiction over a proceeding in which a party losing in state court seeks what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the losers' federal rights.

*Doe v. Mann*, 415 F.3d 1038, 1041-42 (9th Cir. 2005); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (the *Rooker-Feldman* doctrine precludes a district court from appellate review of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceeding commenced . . ."). Accordingly, the district court lacks jurisdiction over "claims . . . 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003) (citing *Feldman*, 460 U.S. at 483, 485)).

Plaintiff has a trial pending in Kern County Superior Court, Case No. BF165209A.[2] His charges include: (1) possession of a firearm by a felon, (2) concealment of a stolen firearm, (3) carrying a loaded firearm without registration, (4) carrying a concealed/unregistered firearm, and (5) carrying a stolen loaded firearm. A review of the docket indicates that a motion to suppress evidence was filed pursuant to Cal. Penal Code § 1538.5, which provides:

> A defendant may move for the return of property or to suppress as evidence any tangible or intangible thing obtained as a result of a search or seizure on either of the following grounds:
> (A) The search or seizure without a warrant was unreasonable.
> (B) The search or seizure with a warrant was unreasonable because any of the following apply:
> (i) The warrant is insufficient on its face.

[2] The Court may take judicial notice of a fact that "is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *see also United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). The official records of the Superior Court of Kern County, as contained in the court's official website, are sources whose accuracy cannot reasonably be questioned, and judicial notice may be taken of facts on a website of a government agency. *See O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007) ("It is not uncommon for courts to take judicial notice of factual information found on the world wide web"); *Denius v. Dunlap*, 330 F.3d 919, 926-27 (7th Cir. 2003) (taking judicial notice of information on the website of a government agency); *United States ex rel. Dingle v. BioPort Corp.*, 270 F.Supp.2d 968, 972 (W.D. Mis. 2003) ("government documents are generally considered not to be subject to reasonable dispute . . . This includes public records and government documents available from reliable sources on the Internet"). Further, judicial notice may be taken of court records. *Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987). Accordingly, judicial notice is taken of the court's docket related to Case No. BF165209A.

      (ii) The property or evidence obtained is not that described in the warrant.
      (iii) There was not probable cause for the issuance of the warrant.
      (iv) The method of execution of the warrant violated federal or state constitutional standards.
      (v)  There was any other violation of federal or state constitutional standards.

Cal. Penal Code § 1538.5. Because Plaintiff seeks not only monetary relief but to have the charges dropped (*see* Doc. 8 at 6), it appears that he seeks to appeal the decision of the state court denying his motion to suppress evidence. *See Cooper v. Ramos*, 704 F.3d 772, 777-78 (9th Cir. 2012) (quoting *Bianchi v. Rylaarsdam*, 334 F.3d 895, 900 (9th Cir. 2003)) (to determine whether an federal court action functions as a forbidden de facto appeal of a state court judgment, courts must "pay close attention to the relief sought by the federal-court plaintiff").

  Significantly, however, this Court lacks any specific information regarding the findings of the state court. If the state court has determined the officers had probable cause to search Plaintiff, but the stop itself was not challenged, Plaintiff may be able to proceed upon his claim for racial profiling, for an award of monetary damages. *Compare Sonia v. California Highway Patrol*, 2015 WL 5178434 at *5 (E.D. Cal., Sept. 4, 2015) (claims premised on lack of probable cause for speeding citation were inextricably intertwined with speeding conviction and thus barred by *Rooker-Feldman*); *Patrick v. City of Pasco*, 2010 WL 1286930 at *1 (E.D. Wash. Mar. 29, 2010) (*Rooker-Feldman* barred claims asserting lack of probable cause for stop that resulted in conviction for driving with suspended license and without proof of insurance) *with Nickerson v. Portland Police Bureau,* 2008 WL 4449874 at *8 (D. Ore. Sept. 30, 2008) (*Rooker-Feldman* did not bar the plaintiff's claim that a traffic stop and citation were racially discriminatory)*; Fox v. City of Wichita, Kansas,* 2012 WL 6217384 at *1-*2 (D. Kan. Dec. 13, 2012) (*Rooker-Feldman* did not bar equal protection claim when the plaintiff "allege[d] that he was stopped based on racial profiling and was ticketed because he complained about racial profiling," because the court found the traffic stop, not his conviction, was the focus of his claim).

  Thus, to the extent Plaintiff seeks to challenge any findings by the state court regarding the lawfulness of his stop, the *Rooker-Feldman* doctrine bars his claims.

  **C.** ***Younger* abstention**

  Again, as the Court informed Plaintiff, generally, federal courts are required to abstain from interfering in ongoing state criminal matters. *Younger v. Harris*, 401 U.S. 37, 43-45 (1971). This

abstention doctrine applies if four conditions are met: "(1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves." *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir.2008).

First, it is clear the state criminal proceedings are ongoing, and Plaintiff is in the custody of the state. Second, the state criminal proceedings implicate important state interests. Indeed, in *Kelly v. Robinson*, 479 U.S. 36, 49 (1986), the Court held, "This Court has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." Likewise, in *Younger*, the Supreme Court held, "Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts." *Younger*, 401 U.S. at 43.

Third, there is no showing Plaintiff could not challenge the lawfulness of the stop or search in the state court. Moreover, there is no procedural bar to Plaintiff raising his federal claim in the state proceeding. *Martori Bros. Distribs. v. James–Massengale*, 781 F.2d 1349, 1352, 1354 (9th Cir. 1985). Thus, he has a full and fair opportunity to raise the federal claims in state court. *Commc'ns Telesys. Int'l v. Cal. Pub. Util. Comm'n*, 196 F.3d 1011, 1019 (9th Cir.1999). Finally, it appears Plaintiff's complaint seeks to insert the federal court into the ordinary course of state criminal proceedings and, if permitted, would threaten the autonomy of the state court.

## V. Conclusion and Order

For the reasons set forth above, the Court is unable to find Plaintiff states cognizable claims for violations of the Fourth and Fourteenth Amendment by the named defendants. However, it is not clear whether the factual deficiencies may be cured by amendment. *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Moreover, it remains unclear whether Plaintiff may pursue these claims in the federal court, or if he is seeking to challenge findings of the state court. **Plaintiff must provide information to the Court regarding the issues raised in the motion to suppress evidence and the**

**findings of the state court, sufficient to demonstrate that neither the *Rooker-Feldman* doctrine nor the *Younger* abstention doctrine apply**.

Plaintiff will be given **one** final opportunity to amend his complaint, both to provide facts sufficient to support his claims and to clarify whether the claims are barred by the *Rooker-Feldman* doctrine or the *Younger* abstention doctrine.

Plaintiff is advised that an amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). In addition, the amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. The amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Finally, Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) (citing *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). **If Plaintiff fails to allege facts supporting his claims, the Court will find he is unable to do so**.

Based upon the foregoing, the Court **ORDERS**:

1. Plaintiff's First Amended Complaint is **DISMISSED** with leave to amend; and
3. Within thirty days from the date of service of this order, Plaintiff **SHALL** file a Second Amended Complaint.

**If Plaintiff fails to comply with this order to file an amended complaint, the action may be dismissed for failure to prosecute and failure to obey the Court's order**.

IT IS SO ORDERED.

Dated: **January 17, 2017**          **/s/ Jennifer L. Thurston**
                                       UNITED STATES MAGISTRATE JUDGE