UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEONTRAY THOMAS,<br><br>          Plaintiff,<br><br>     v.<br><br>DANNI MELENDEZ, et al,<br><br>          Defendants. | Case No.: 1:16-cv-01759 - LJO - JLT<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING THE ACTION FOR PLAINTIFF'S FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH THE COURT'S ORDERS |

In this action, Deontray Thomas asserts Officers Danni Melendez and Jaime Orozco racially profiled him and are liable for an unlawful stop and search.  Because Plaintiff has failed to prosecute the action and failed to comply with the Court's orders, the Court recommends that the action be **DISMISSED** without prejudice.

**I.     Background**

Plaintiff initiated this action by filing a complaint on November 21, 2016.  (Doc. 1)  The Court reviewed the factual allegations of the complaint pursuant to 28 U.S.C. § 1915A(b) and 1915(e)(2), and determined Plaintiff failed to state facts sufficient to support his claims.  (Doc. 7 at 4-6)  In addition, the Court observed that it was unclear whether Plaintiff could pursue his claims in the District Court, or if he was seeking to challenge findings of the state court.  (*Id.* at 6-8)  Accordingly, the Court directed Plaintiff to provide information sufficient for the Court to find neither the *Rooker-Feldman* doctrine nor the *Younger* abstention doctrine apply.  (*Id.* at 9)

1

Plaintiff filed his First Amended Complaint on January 5, 2017. (Doc. 8) Again the Court found Plaintiff failed to allege facts to support his claims for violations of the Fourth and Fourteenth Amendment by the named defendants. (Doc. 9 at 4-5) In addition, Plaintiff failed to clarify whether he was seeking to challenge findings of the state court. (*Id.* at 8) Accordingly, the Court directed Plaintiff to "provide information to the Court regarding the issues raised in the motion to suppress evidence and the findings of the state court, sufficient to demonstrate that neither the *Rooker-Feldman* doctrine nor the *Younger* abstention doctrine apply." (*Id.* at 8-9, emphasis omitted) The Court informed Plaintiff he would have "**one** final opportunity to amend his complaint," and directed him to file a Second Amended Complaint within thirty days of the date of service. (*Id.* at 9)

Because Plaintiff failed to file a Second Amended Complaint, on February 28, 2017, the Court ordered him to show cause why the matter should not be dismissed. (Doc. 10) The Court informed Plaintiff that the action may be dismissed for his failure to prosecute and failure to comply with the Court's orders. (*Id.* at 2) The Court ordered Plaintiff to show cause why the action should not be dismissed, or in the alternative to file his amended complaint within fourteen days of the date of service. (*Id.*) To date, Plaintiff has failed to comply with or otherwise respond to the Court's order.

## II.     Failure to Prosecute and Obey the Court's Orders

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See*, *e.g*. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

///

### III.     Discussion and Analysis

To determine whether to dismiss an action for failure to prosecute and failure to obey a Court order, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants).  This Court cannot, and will not hold, this action in abeyance given Plaintiff's failure to comply with the deadlines set forth by the Court and failure to prosecute.  The risk of prejudice to the defendant also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

Notably, Plaintiff was warned that if he "**fail[ed] to file an amended complaint, the action may be dismissed for failure to prosecute and failure to obey the Court's order**." (Doc. 9 at 9, emphasis in original). In addition, in the Order to Show Cause, the Court reminded Plaintiff that an action may be dismissed "based on a party's failure to prosecute an action or failure to obey a court order." (Doc. 10 at 2)  Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's orders and his failure to prosecute the action, and these warnings satisfy the requirement that the Court consider less drastic measures. *Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424. Indeed, the Court need only warn a party once that the matter would be dismissed for failure to comply with its orders. *Id.*; *see also Titus v. Mercedes Benz of North America*, 695 F.2d 746, 749 n.6 (3d Cir. 1982) (identifying a "warning" as an alternative sanction).

Given these facts, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal. *See Malone*, 833 F.2d at 133, n.2 (explaining that although "the public

policy favoring disposition of cases on their merits . . . weighs against dismissal, it is not sufficient to outweigh the other four factors").

### IV.     Findings and Recommendations

Plaintiff failed to comply with, or otherwise respond to, the Court's orders dated January 17, 2017 (Doc. 9) and February 28, 2017 (Doc. 10). Thus, Plaintiff has also failed to prosecute this action through his failure to file a Second Amended Complaint.

Based upon the foregoing, the Court **RECOMMENDS**:

1.     This action be **DISMISSED** without prejudice; and

2.     The Clerk of Court be DIRECTED to close the action.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 21, 2017**              **/s/ Jennifer L. Thurston**
                                                          UNITED STATES MAGISTRATE JUDGE